432

of the defendant occasioned actual unreasonable delay rather than delay which is only apparent. If the conduct of the defendant did not constitute significant or actual delay, as the trial court found in this case and I believe properly so found, then the trial court should be entitled to determine that the State had failed to meet its responsibility to afford the speedy trial contemplated by the statute.

From the briefs and oral arguments it should be noted that in this case the State was well aware of the trial court's position that the intervening procedures did not constitute delay occasioned by the defendant. On July 17, the State attempted to coerce the defendant's release on bail by requesting that defendant be released on a nominal recognizance bond which release was declined by defendant. Furthermore it should be noted that the case was set for August 2 before a special jury impaneled at the request of the State without any showing that an earlier convening of such special jury was in any way prevented or interfered with by defendant's conduct.

As has often been said neither precipitous haste nor purposeless delay are consonant with fundamental fairness. Balancing these extremes in accord with changing variables requires continuing refinement.

THE PEOPLE OF THE STATE ILLINOIS, Plaintiff-Appellee, *v.* DAVID PULLEY, Defendant-Appellant.

(No. 72-68;

Third District—September 19, 1972.

PER CURIAM.

Bruce Stratton, of Defender Project, of Ottawa, for appellant.

Louis R. Bertani, State's Attorney, of Joliet, for the People.